UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LINDA F. WRIGHT

VERSUS

JOHN E. POTTER, POSTMASTER
GENERAL, UNITED STATES POSTAL
SERVICE SOUTHWEST AREA

CIVIL ACTION

NUMBER 07-758-FJP-DLD

**RULING**

This matter is before the Court on the Motion to Dismiss by defendant John E. Potter, Postmaster General, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.[1] Plaintiff has filed an opposition to the motion.[2] For the reasons which follow, defendant's motion is denied without prejudice. It is the Court's belief that it is in the interest of justice to give plaintiff another chance to properly serve the defendant. Should plaintiff fail to properly do so within the time limits set by the Court in this opinion, plaintiff's suit will be dismissed.

**I.   Factual & Procedural Background**

Plaintiff was hired by the United States Postal Service to be a casual carrier in Baton Rouge, Louisiana, for a 90-day term. This first appointment ended on September 10, 2003. Thereafter,

---

[1] Rec. Doc. No. 11.

[2] Rec. Doc. No. 12.

Doc#45143                                                   1

plaintiff received a re-appointment as a casual carrier, which term ran from September 22, 2003, until December 31, 2003. The defendant contends plaintiff was not offered another re-appointment because the Postal Service was dissatisfied with the plaintiff's work performance.

Plaintiff was counseled by an Equal Employment Opportunity ("EEO") counselor and ultimately filed an EEO complaint of discrimination alleging age discrimination, race discrimination, sex discrimination, and retaliation against the defendant on February 25, 2004. Plaintiff then filed a civil action against the Postal Service on July 7, 2004, alleging she was wrongfully terminated based on her age. Plaintiff amended that complaint in August of 2004 to add the claim of retaliation and to add another supervisor as a defendant. On November 12, 2004, this Court dismissed plaintiff's claims against former supervisors as improper parties and also dismissed plaintiff's case because she failed to exhaust administrative remedies.[3] The Court found that the plaintiff had filed the civil action prior to the Postal Service issuing a final agency decision on her EEO complaint. After plaintiff exhausted administrative remedies, plaintiff, appearing *pro se*, filed the present lawsuit on October 18, 2007, alleging wrongful termination because of her race, age, and in retaliation.

---

[3]*Wright v. U.S. Postal Services*, 344 F.Supp.2d 956 (M.D. La. 2004).

On November 16, 2007, a summons was issued for the Postal Service. Plaintiff mailed the summons to the National EEO Investigative Services Office ("NEEOISO") in Tampa, Florida. The NEEOISO investigates the EEO complaints filed against the Postal Service. On December 19, 2007, plaintiff filed a notice advising that the defendant failed to answer her complaint as set forth in Rule 12 of the Federal Rules of Civil Procedure; however, plaintiff clearly states in her notice that the summons was sent to the address listed on the denial letter she received from the Postal Service following the administrative proceedings. On February 20, 2008, plaintiff filed a second notice advising the Court that the defendant failed to respond as set forth in Rules 4, 5, and 12 of the Federal Rules of Civil Procedure.

The Government has filed a Motion to Dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, alleging the plaintiff has failed to properly serve the defendant. The Court agrees that plaintiff has failed to properly serve the defendant. The Court now turns to a discussion of the applicable law.

**II. Law and Analysis**

    **A.   Motion to Dismiss**

Rule 4(m) of the Federal Rules of Civil Procedure establishes the time limit for service and provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to

>  the plaintiff, shall dismiss the action
> without prejudice as to that defendant or
> direct that service be effected within a
> specified time; provided that if the plaintiff
> shows good cause for the failure, the court
> shall extend the time for service for an
> appropriate period.

Thus, under Rule 4(m), the district court has two choices when plaintiff fails to properly serve the defendant within a 120-day period: it may dismiss the action without prejudice or direct that service be affected within a specified time.  The second part of the rule qualifies the district court's choices, requiring the Court to grant an extension of time when the plaintiff shows good cause for the delay.[4]  When service of process is challenged, the plaintiff carries the burden of proving good cause for the failure to effect timely service.[5]

Good cause has been defined as "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the party seeking an enlargement and some reasonable basis for non-compliance within the time specified is normally required."[6]  Simply stated, "a plaintiff shows good cause for delay when a good faith attempt is made to

---

[4] See *Thompson v. Brown*, 91 F.3d 20,21 (5th Cir. 1996).

[5] *Gitz v. St. Tammany Parish Hospital*, 125 F.R.D. 138 (E.D. La. 1989); *Purvis v. Jenkins*, 1998 WL 290212 at * 2 (E.D. La. 1998).

[6] *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985); *Gitz*, 125 F.R.D. at 139.

effectuate service, but the service nonetheless fails to satisfy all the requirements set forth in Rule 4."[7] Also, "each case must be taken on its own particular facts to determine whether a good faith effort to effectuate service has been made."[8]

**B.   Plaintiff failed to Properly Serve the Defendant**

Proper service on the United States Postal Service required plaintiff to deliver a copy of the summons and complaint to the United States Attorney for the district in which the action was brought and to send a copy of the summons and complaint, by registered or certified mail, to the Attorney General of the United States in Washington, D.C.[9] This plaintiff has clearly failed to do.

The defendant contends plaintiff had sufficient time to properly effect service on the Attorney General and the United States Attorney for the Middle District of Louisiana. Defendant also contends plaintiff never made any attempt to serve either the Attorney General or the United States Attorney for the Middle District of Louisiana in the 130 days since she filed her Complaint. The defendant also argues that plaintiff's *pro se*

---

[7] *Murungi v. Simmons*, 2001 WL 1414963 at *1 (E.D. La. 2001), citing *Chilean Nitrate Corp. V. M/V Hans Leonhardt*, 810 F.Supp. 732, 735 (E.D. La. 1992).

[8] *Chilean Nitrate Corp.*, 810 F.Supp. at 735, quoting *Brown v. Bellaplast Maschinenbau*, 1986 WL 6145 at *3 (E.D. Pa. May 27, 1986).

[9] See Fed. R. Civ. P. 4(i)(1)(A)-(B).

status does not excuse her failure to properly serve the defendant. Specifically, the defendant points out that plaintiff has alleged in her two notices that the Postal Service failed to answer her complaint and referenced Rule 4 of the Federal Rules of Civil Procedure.  Since Rule 4(i)(1) provides that service is effected by serving a copy of the summons and complaint to the Attorney General and United States Attorney, and plaintiff's own pleadings reference Rule 4, the defendant contends plaintiff has knowledge of Rule 4 service requirements and has no excuse for her failure to properly serve the defendant.

Also, the Government correctly points out that the Fifth Circuit has held that a *pro se* plaintiff's lack of knowledge of the rules for proper service does not constitute "good cause" for failure to perfect service upon a defendant within 120 days.[10] Thus, defendant contends plaintiff's ignorance of the rules does not constitute good cause for her failure to properly serve the defendant, especially in light of the fact that plaintiff referenced Rule 4 twice in her notices and in her opposition memorandum and has no excuse for her failure to comply with its requirements.

While the Court cannot excuse plaintiff's failure to properly and timely serve the defendant, the Court does not believe this is a case which should be dismissed with or without prejudice at this

---

[10]See *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

time.  Plaintiff did make a good faith effort to serve the defendant by mailing the summons and complaint to the address she presumed was correct based on the denial of her claim by the final agency decision.  While such action did not exhaust all of plaintiff's possible avenues for locating and serving the defendant, the Court finds that the plaintiff did make a good faith effort to effectuate service.[11]  Further, it appears that the defendant had notice of this suit, as indicated by their filing a Motion to Dismiss and would not suffer any prejudice from plaintiff's failure to properly serve it.  Although the plaintiff did not address her failure to properly serve the defendant in her opposition to this motion, the Court believes that it would be in the interests of justice and judicial economy to allow the plaintiff one final opportunity to properly serve the defendant.  Therefore, plaintiff shall have 15 days from the date of this ruling to properly serve the defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.  Plaintiff's failure to properly serve the defendant within the time set by the Court shall result in the Court dismissing this case.  The United States shall advise the Court whether service has been timely and properly made, and if not, submit an order of dismissal to the Court.

**III. Conclusion**

---

[11] See *Murungi v. Simmons*, 2001 WL 1414963 (E.D. La. Nov. 9, 2001).

For the reasons set forth above, the defendant's Motion to Dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure is denied without prejudice. Plaintiff shall have fifteen (15) days from the date of this order to properly and timely serve the defendant or this suit shall be dismissed.

IT IS SO ORDERED.

Baton Rouge, Louisiana, July 22, 2008.

*[signature]*
FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA