UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF LA

2009 JAN -9 P 3:52

BY DEPUTY CLERK

LINDA F. WRIGHT

VERSUS

JOHN E. POTTER, POSTMASTER
GENERAL, UNITED STATES POSTAL
SERVICE SOUTHWEST AREA

CIVIL ACTION

NUMBER 07-758-FJP-DLD

## RULING

In the Court's July 22, 2008 Ruling[1] on the defendant's Motion to Dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure,[2] the Court gave the plaintiff, who is *pro se* in this matter, 15 days from the date of the Court's Ruling to properly serve the defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure. The Court also advised that plaintiff's failure to properly serve the defendant within this time period would result in the Court dismissing this case.

On August 7, 2008, the defendant notified the Court that plaintiff had failed to properly serve the defendant under Rule 4.[3]

---

[1]Rec. Doc. No. 15.

[2]Rec. Doc. No. 11.

[3]Rec. Doc. No. 20.

Doc#45688                                1

The defendant advised the Court that the plaintiff has failed to deliver a copy of the Summons and Complaint to the United States Attorney for the Middle District of Louisiana in compliance with Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The defendant also stated that on July 24, 2008, the plaintiff hand-delivered to the United States Attorney's Office a document entitled "Service Process and Summons Copy Attachment Rule 4." The defendant contends this document is not a "summons" or a "complaint." Further, the defendant notes that this document was addressed to the Assistant United States Attorney. The Court finds that plaintiff has failed to effect proper service under Rule 4.

As discussed in the Court's previous Ruling, a *pro se* plaintiff's lack of knowledge of the rules for proper service does not constitute "good cause" for failure to perfect service upon a defendant within 120 days.[4] Even so, the Court allowed the plaintiff 15 days to properly serve the defendant in response to the defendant's motion to dismiss. The plaintiff has been given ample opportunity to properly serve the defendant under Rule 4 of the Federal Rules of Civil Procedure, and her failure to do so warrants dismissal of this case.

Also, Plaintiff's motion for a preliminary entry of default[5] is denied because the Defendant was never properly served in this

---

[4] See *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

[5] Rec. Doc. No. 22.

case.

Therefore:

For the reasons set forth above, this case shall be dismissed without prejudice.

Baton Rouge, Louisiana, Jan 9, 2009.

FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA